UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID M. HODGES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | ) No. 2:25-cv-00342-JPH-MKK |
| | ) |
| R. VINARDI WARDEN, | ) |
| | ) |
|     Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner David Hodges filed the instant habeas petition challenging a prison disciplinary proceeding in WVC 24-08-2414 in which he was found guilty. Before the court are the parties' motions to dismiss the petition. Dkt. 19, 25.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.* Typically, in the context of prison disciplinary proceedings, this means that to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639

1

(7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Here, the parties agree that the petitioner's sanctions did not include the loss of good-time credits or a demotion in credit-class earning. Dkts. 19-1; 25. Therefore, the petitioner is not "in custody" under § 2254, and the respondent's, dkt. [19], and the petitioner's, dkt. [25], motions to dismiss are **granted.** The petitioner's other pending motions, dkts. [15], [17], [18], [21], [22], and [24], are **denied as moot.**

Judgment dismissing this action for lack of jurisdiction shall now issue.

**SO ORDERED.**

Date: 1/7/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID M. HODGES
134996
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov